FILED
COURT OF APPEALS
DIVISION II

2014 OCT 21 AM 9: 13

STATE OF WASHINGTON

BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ARTHUR WEST, | No. 45812-8-II |
| Appellant. | |
| v. | |
| | PUBLISHED OPINION |
| CHRISTINE GREGOIRE, GOVERNER OF THE STATE OF WASHINGTON, STATE OF WASHINGTON, | |
| Respondents. | |

MAXA, J. — Arthur West appeals the trial court's dismissal, following show cause proceedings under former RCW 42.56.550 (2005),[1] of his complaint alleging that then Governor Christine Gregoire violated the Public Records Act (PRA), chapter 42 RCW, by refusing to produce numerous records under a claim of executive privilege. West initially argued that the trial court erred in recognizing an executive privilege as a PRA exemption. However, our Supreme Court resolved this issue in *Freedom Foundation v. Gregoire*, 178 Wn.2d 686, 310 P.3d 1252 (2013), holding that a qualified executive communications privilege operates as a PRA exemption. West now asserts that the trial court erred in dismissing his lawsuit based on the executive privilege because he also asserted additional PRA claims relating to Gregoire's alleged unreasonable delay in

---

[1] RCW 42.56.550 was amended in 2011, but the provisions at issue here were unchanged. LAWS OF 2011, ch. 273, §1.

producing records and other grounds, and because the trial court should have deferred ruling on whether West could show a particularized need for the records requested under the second part of the *Freedom Foundation* test.

We hold that (1) the trial court did not err in dismissing all West's claims following the former RCW 42.56.550 show cause proceedings because West abandoned all claims other than those based on his argument that the executive privilege was not a valid PRA exemption, and (2) the trial court properly ruled that the executive privilege precluded disclosure because West failed to submit any evidence that he had a particularized need for the records requested. Accordingly, we affirm.

## FACTS

In January 2010, West made a PRA request to Gregoire for all records for which she had asserted executive privilege since 2007. The governor's office responded within five business days, as required by RCW 42.56.520, explaining that it would take three to four weeks to process the request and provide the responsive records and an exemption log listing records covered by any exemptions. However, the governor's office did not communicate further with West for over eight months.

On September 3, the governor's office prepared a letter notifying West that the records and exemption log were available for inspection and copying. West claims he never received this letter. On September 24, West filed suit against Gregoire to compel production of all records for which Gregoire had "wrongfully asserted an executive privilege exemption where none exists under the [PRA]," Clerk's Papers (CP) at 5. West also sought penalties under the PRA and a declaratory ruling that the privilege itself was not a valid PRA exemption. On

2

September 27, West appeared at the governor's office to inspect the records, and he received copies of numerous records and the exemption log.

More than five months later, West moved for a show cause order. He requested that Gregoire appear and show cause why she should not be found in violation of the PRA for failing to (1) produce records in a reasonable time, (2) produce an exemption log citing to a recognized exemption, and (3) produce public records in response to his request. In a supporting declaration West alleged that the governor's office "failed to produce the records in a reasonable time (over 8 months)." CP at 46. Gregoire did not file a separate motion to dismiss West's PRA lawsuit. However, in her response brief Gregoire requested that the trial court dismiss the lawsuit because "the only claim Mr. West has made in this matter is that executive privilege is not recognized in this state as a basis for exemption from disclosure under the [PRA]." CP at 1044.

In support of his show cause motion, West filed an initial brief and a supplemental memorandum – both obviously copied from briefs in other cases – which focused only on whether the executive privilege was an exemption to the PRA and provided no reference to the facts of West's claim against Gregoire. West did not argue in either of his briefs or in his supporting declarations that he had additional PRA claims based on Gregoire's delay in responding to the PRA request or any other grounds.

In June 2011, after the parties had filed their briefs but before the court heard oral argument, the governor's office disclosed another batch of records not previously identified that were responsive to West's request. The governor's office also produced an additional exemption log asserting executive privilege for some of these newly disclosed documents. West moved to supplement the record with copies of the new log and the "silently withheld" documents the

3

governor's office had just produced, "[f]or the court to rule in an informed manner on the propriety of the executive privilege exemption." CP at 697. But he did not move to amend his complaint to assert new PRA claims related to the disclosure or request a continuance of the show cause hearing.

On June 17, the trial court held a hearing on West's show cause motion. West argued only that Gregoire unlawfully withheld certain records because the executive privilege was not a PRA exemption. He did not argue that he had PRA claims based on Gregoire's delay in responding to his request or any other grounds. After oral argument the trial court ruled in Gregoire's favor on the executive privilege issue and dismissed West's lawsuit. West objected to the dismissal on the grounds that because Gregoire had produced some records after he filed suit, he had prevailed and was entitled to relief under his complaint. West did not argue that the trial court could not dismiss his complaint because he had raised additional PRA claims resulting from Gregoire's delay in responding to his request or any other grounds.

The parties submitted proposed orders memorializing the trial court's oral ruling. West's proposed order included language expressly denying claims for failure to produce records and exemption logs in a reasonable time. But the trial court signed the State's proposed order, which did not include this language. The trial court noted that it had ruled only on the executive privilege issue and that West had not presented any other issues to the court. The trial court's final order included a conclusion of law that the only issue before the court was Gregoire's ability to assert the executive privilege. West moved for reconsideration, arguing that the court erred in dismissing his additional claims sua sponte. The trial court denied the motion.

45812-8-II

West filed a notice of appeal in the Supreme Court, which included a reference to a PRA claim related to Gregoire's delay in responding to the PRA request and "silent withholding" of the documents produced in June 2011.[2] CP at 999. At the time West filed his appeal, Washington law still was unsettled as to whether executive privilege could be claimed as an exemption to the PRA. West sought to consolidate his case on appeal with *Freedom Foundation*, which was then before the Supreme Court and involved the same underlying challenge to the executive privilege exemption. The Supreme Court denied consolidation and stayed West's case.

The Supreme Court ultimately held in *Freedom Foundation* that the executive privilege operated as a constitutional exemption to the PRA disclosure requirements and laid out the applicable test for deciding whether the exemption applies. 178 Wn.2d at 699-705. The court then remanded West's case to this court for a decision in light of its holding in *Freedom Foundation*.

ANALYSIS

We review challenges to an agency action under the PRA de novo. Former RCW 42.56.550(3); *Resident Action Council v. Seattle Hous. Auth.*, 177 Wn.2d 417, 428, 300 P.3d 376 (2013). The PRA requires disclosure of public records upon request, unless an exemption applies. RCW 42.56.070(1). The burden is on the agency to show that such an exemption applies, former RCW 42.56.550, and we narrowly construe exemptions. RCW 42.56.030.

---

[2] West actually filed the notice of appeal before the trial court entered written findings and conclusions on his show cause ruling.

5

A.    WEST'S ADDITIONAL CLAIMS FOR PRA VIOLATIONS

West argues that even if executive privilege constitutes an exemption to the PRA, the trial court erred in dismissing his lawsuit because he had asserted additional claims that Gregoire violated the PRA by failing to promptly respond to his requests, failing to produce or identify in exemption logs some documents responsive to his requests, improperly claiming other PRA exemptions for records not subject to an assertion of executive privilege, and silently withholding a second set of records until June 2011. We hold that even assuming West raised these claims in his initial pleadings, he abandoned the claims by failing to argue them in the show cause proceedings.

West consistently characterized his lawsuit as one challenging the assertion of executive privilege. For instance, he began his complaint by stating that "[t]his is an action . . . resulting from (1) an improper assertion of an executive privilege exemption." CP at 3. But West did assert at least an unlawful delay claim in his initial pleadings. West's complaint alleges that Gregoire failed to reasonably disclose records in a timely manner and failed to promptly respond or disclose relevant records. And in his motion for a show cause order, West requested an order compelling Gregoire to appear and show cause why she should not be found in violation of the PRA for, among other things, failing to produce records in a reasonable time. In a supporting declaration, West stated that the governor's office had "failed to produce the records in a reasonable time (over 8 months)" and had improperly asserted an executive privilege.[3] CP at 46.

---

[3] Later, West referenced "secondary issues" related to the governor's assertion of exemptions other than executive privilege. CP at 661. However, he did not plead this issue in his complaint or reference it in his motion for a show cause order.

45812-8-II

However, during the show cause process West did not argue any claims other than those involving the executive privilege. His two briefs focused solely on whether executive privilege was a valid PRA exemption. West did not address additional claims in oral argument. On this basis, the trial court expressly concluded that West did not present any other issues to the court besides whether Gregoire could assert an executive privilege as an exemption to the PRA. West did not assign error to this conclusion.

Whether a requestor in a PRA action abandons claims by failing to argue them at the show cause hearing is a matter of first impression. But had West failed to present his claims in a formal trial or in response to a summary judgment motion, there is no question that those claims would be deemed abandoned. When a party asserts a claim in pleadings but at trial does not "press" the claim in any way or present evidence to support it, the party abandons that claim. *See Rainer Nat'l Bank v. McCracken*, 26 Wn. App. 498, 508, 615 P.2d 469 (1980) (affirming dismissal of counterclaim). Similarly, a plaintiff abandons a claim asserted in a complaint by failing to address the claim in opposition pleadings, present evidence to support the claim, or argue the claim in response to a summary judgment motion seeking dismissal of the entire complaint. *Cano-Garcia v. King County*, 168 Wn. App. 223, 248, 277 P.3d 34, *review denied*, 175 Wn.2d 1010 (2012).[4] The question here is whether we should treat a show cause proceeding under former RCW 42.56.550(1) like a trial or summary judgment motion when determining whether a claimant has abandoned PRA claims.

---

[4] And as a general rule, we will not address abandoned issues on appeal. *Gronquist v. Dep't of Corr.*, 177 Wn. App. 389, 401, 313 P.3d 416 (2013), *review denied*, 180 Wn.2nd 1004 (2014).

7

Under the PRA, a requester may seek judicial review of an agency's refusal to produce the requested records via "any kind of civil action." *Spokane Research & Def. Fund v. City of Spokane*, 155 Wn.2d 89, 104, 117 P.3d 1117 (2005). Former RCW 42.56.550(1) also provides that a requestor denied the opportunity to inspect or copy a public record may move for an order requiring the agency to show cause why it has refused to allow inspection or copying. In this show cause proceeding the agency bears the burden of establishing that its refusal to produce the records did not violate the PRA. Former RCW 42.56.550(1). The show cause hearing may be held on affidavits, former RCW 42.56.550(3), or as a trial-type hearing involving oral argument and live testimony. *Wood v. Thurston County*, 117 Wn. App. 22, 28, 68 P.3d 1084 (2003). The court may completely resolve PRA claims in the show cause proceeding. *See O'Neill v. City of Shoreline*, 170 Wn.2d 138, 154, 240 P.3d 1149 (2010); *Zink v. City of Mesa*, 140 Wn. App. 328, 335, 166 P.3d 738 (2007).

Given this procedure, a former RCW 42.56.550(1) show cause proceeding is, in effect, the PRA claimant's trial. At the very least, it operates like a motion for summary judgment on the claimant's PRA claims. Therefore, as in a trial or summary judgment motion, West was required to address all the claims that he wanted to pursue against Gregoire in the show cause proceedings that he initiated. Because he did not even mention any claims not involving the executive privilege in his briefs or in oral argument, he is deemed to have abandoned those claims.

Requiring a PRA claimant to address all PRA claims during show cause proceedings in order to avoid abandonment promotes the orderly administration of PRA requests and is consistent with the purposes of the PRA. To hold otherwise would allow PRA claimants to

8

assert their claims in a piecemeal fashion, which would delay the ultimate resolution of disputes involving PRA requests and result in judicial inefficiency. *See Brown v. Gen. Motors Corp.*, 67 Wn.2d 278, 282, 407 P.2d 461 (1965) ("[p]iecemeal litigation is not to be encouraged."); *State ex rel. Lemon v. Coffin*, 52 Wn.2d 894, 898, 332 P.2d 1096 (1958).

We hold that unless the parties agree or the trial court rules otherwise, a PRA claimant abandons all PRA claims if the claimant does not address those claims in briefing or argument in a former RCW 42.56.550(1) show cause proceeding.[5] Because West argued only his executive privilege claim in the show cause proceedings, we hold that he abandoned any other PRA claims.

B.    APPLICATION OF EXECUTIVE PRIVILEGE TEST

West argues that the trial court erred in dismissing his PRA claim based on executive privilege without first giving him the opportunity to show a "particularized need" for the privileged records under the second part of what became the *Freedom Foundation* test. We disagree. West had the opportunity to show that he had a particularized need for the documents protected by the executive privilege, but failed to submit any such evidence or argument.

Although our Supreme Court had not yet decided *Freedom Foundation* when the trial court ruled, Gregoire argued in the show cause proceedings that the trial court should apply the three-part test for analyzing the privilege that the Supreme Court ultimately adopted. Gregoire specifically argued that if the privilege applied, West could obtain the protected records only if he could show a particularized need for them. As a result, West knew that if the trial court

---

[5] Our holding should not be interpreted as preventing a PRA claimant or an agency from requesting that the trial court address multiple claims in separate show cause proceedings, or preventing a trial court from conducting separate proceedings for different claims.

accepted the three-part test, he had to come forward with some evidence on his need for the records. But he made no effort to show that he had a particularized need for the records he had requested.

As noted above, the trial court ruled that Gregoire could assert executive privilege as an exemption to the PRA and adopted the three-part test for analyzing the privilege. The trial court indicated that the withheld documents appeared to fall within the privilege. This required the trial court to address the second part of the test – whether West could overcome the presumption of privilege. The trial court then concluded that "Mr. West offered no basis to find that . . . the presumption of privilege should be overcome." CP at 1008. Because he presented no evidence or argument on the issue, the trial court necessarily ruled that West did not satisfy the second part of the test eventually adopted in *Freedom Foundation*.

West argues that the trial court unfairly applied a new test to his PRA claim without providing adequate notice, which violated his right to due process. However, West had adequate notice of the requirements of the three-part test. The test has been used in federal courts since the U.S. Supreme Court decision in *United States v. Nixon*, 418 U.S. 683, 94 S. Ct. 3090, 41 L. Ed. 2d 1039 (1974). And in her response to the show cause motion, Gregoire specifically argued that the trial court should apply the three-part test and that West had made no attempt to show a particularized need. West responded to this argument in his supplemental brief and argued against adoption of the three-part test, but he did not advance any claim at that time that he had a particularized need for the records requested.

West cites no authority for the proposition that a trial court cannot adopt and apply a legal analysis as a matter of first impression when the parties have fully briefed the issue. West had

every opportunity to present an argument that he did have a particularized need for the records requested, and he should not be allowed to benefit from his failure to do so. We hold that under these circumstances the trial court did not err in applying the three-part test to West's claims and did not infringe on his right to due process.[6]

C.     ATTORNEY FEES

West requests attorney fees for his appeal. *See* RAP 18.1. A prevailing plaintiff in a PRA action is entitled to reasonable attorney fees and all costs associated with the litigation, in addition to any penalties assessed against the agency. Former RCW 42.56.550(4). Because West does not prevail, we deny West's request for attorney fees.

We affirm the trial court's dismissal of West's complaint.

MAXA, J.

We concur:

WORSWICK, P.J.

LEE, J.

---

[6] West also challenges the evidentiary sufficiency for findings of fact 2, 3, and 8 in the trial court's final order. These findings indicate that West received the September 3, 2010 letter from the governor's office. Because of our holding above, these findings are immaterial and we need not address West's challenges.