N THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| JAMES J. WHITE, | No. 47079-9-II |
| Appellant, | |
| v. | |
| CITY OF LAKEWOOD, | PUBLISHED OPINION |
| Respondent. | |

LEE, J. — James J. White submitted three separate public records requests pursuant to the Public Records Act[1] (PRA), requesting documents from the Lakewood Police Department. The city of Lakewood (City) withheld certain documents, claiming that the documents related to an active law enforcement investigation and thus were exempt from disclosure. Subsequently, White sued the City for PRA violations. The superior court found that White's claims arising from his first and second PRA requests were time-barred by the one-year statute of limitations. However, as to White's third request, the superior court found that the City failed to comply with the PRA and assessed a $10 per day penalty against the City.

White appeals, arguing that the superior court erred by dismissing his claims arising from his first and second PRA requests and also erred in imposing only a $10 per day penalty as to his

---

[1] Chapter 42.56 RCW.

third request. We hold the superior court erred in finding White's claims arising from his first PRA request were time-barred. However, because the City's last production of records in response to White's second request triggered RCW 42.56.550(6), the superior court did not err in finding that White's claims arising from his second request were time-barred.[2] Finally, we vacate the superior court's penalty award and direct the superior court to determine any penalty award relating to White's first and third request in a manner consistent with *Yousoufian v. Office of Ron Sims*.[3] Accordingly, we affirm in part, reverse in part, and remand to the superior court for further proceedings consistent with this opinion.

## FACTS

### A.    THE UNDERLYING REASON FOR THE PUBLIC RECORDS REQUEST

In May 2012, Officer Noble of the Lakewood Police Department used information given to him by a confidential informant to secure a search warrant for an apartment in Lakewood. The search warrant was executed on May 18, 2012. The search revealed three grams of marijuana, a few pipes, and some cash. No arrests were made, and no further investigation was conducted. Officer Noble left the Lakewood Police Department in August of 2012.

The plaintiff-appellant, James White, is an attorney. White was "approached by a potential client seeking representation in a potential civil rights case" resulting from the execution of the search warrant on the Lakewood apartment. Clerk's Papers (CP) at 299. To investigate the potential claim, White submitted three public records requests to the City.

---

[2] Actions under RCW 42.56.550(6) "must be filed within one year of the agency's claim of exemption or the last production of a record on a partial or installment basis."

[3] 168 Wn.2d 444, 458, 229 P.3d 735 (2010).

B. THE FIRST REQUEST

On June 26, 2012, White submitted his first PRA request to the City. His request stated, "[C]ase #'s 12-145-0155/12-145-0156—would like to view any documents pertaining to search warrant for the property located at 5314 San Francisco Ave. SW #1 & any lists or inventory of items recovered." CP at 303.

The City responded to White's first request on July 3, 2012. The City's letter to White claimed that the requested documents were "exempt from disclosure" under RCW 10.97.070(2) and RCW 42.56.240[4] because the investigation was "active." CP at 68.

C. THE SECOND REQUEST

On July 27, 2012, White submitted his second PRA request to the City. His request stated: "This is an ongoing request[.] [C]ase #'s 12-145-0155/12-145-0156—would like to view any documents/emails/communications/reports pertaining to search of 5314 San Francisco Ave. SW #1 & any lists or inventory of items recovered." CP at 305.

The City responded to White's second request on September 5, 2012. The City's written response stated:

---

[4] RCW 10.97.070(2) guides agencies' disclosure of suspects' identities to victims.

RCW 42.56.240 provides that specific enumerated investigative, law enforcement, and crime victim information is exempt from public inspection and copying under the PRA. RCW 42.56.240(1) is the "effective law enforcement" exemption and provides the following exemption:

> Specific intelligence information and specific investigative records compiled by investigative, law enforcement, and penology agencies, and state agencies vested with the responsibility to discipline members of any profession, the nondisclosure of which is essential to effective law enforcement or for the protection of any person's right to privacy.

> We have released the portions of the record which are not exempt from disclosure by [chapter 42.56 RCW] and/or other statutes. The information redacted has been screened and is exempt from public disclosure for the following reason(s):
>
> Personal identification information was redacted pursuant to RCW 42.56.050, 42.56.230 and 42.56.590. As stated in these code sections, personal identification information such as social security numbers, driver licenses and identification card numbers, were redacted to protect the security of an individual's identity and right to privacy.
>
> Your request for public records will be considered closed unless you respond to the contrary by October 5, 2012.

CP at 74.

Elvira Gorash, a paralegal for the City, drafted the City's response to White's second request. In her deposition, Gorash testified that she did not remember if she was the one who gathered the records to be produced for White. She further testified that she put the September 5 production of records in the outgoing mailbox, but she did not remember what time the postal service collected the mail from the mailbox.

D.    THE THIRD REQUEST

On September 24, 2012, White submitted a third PRA request to the City. His request stated: "This is an ongoing request. Case #'s 12-145-0155/12-145-0156—would like to view search warrants/information/documents provided to Judge Stolz—location 5314 San Francisco Ave. SW #1." CP at 307. The City forwarded the request to a lieutenant at the Lakewood Police Department, who determined that the requested documents were part of an active investigation.

The City responded to White's third request on October 2, 2012. The City's letter to White claimed the requested records were exempt under RCW 10.97.070(2) and RCW 42.56.240 because

4

releasing the records could interfere with the active investigation. Then, on September 23, 2013, 356 days later, the City provided the requested search warrants and affidavits.

E.      PROCEDURAL HISTORY

White hired counsel on September 5, 2013, and this action was filed on September 6, 2013.[5] The City later produced several more records.

On November 7, 2014, White filed a motion to show cause for PRA penalties. The City responded and filed a cross-motion to dismiss. Following a hearing on the motions, the superior court concluded White's claims arising out of his first and second PRA request were time-barred under RCW 42.56.550(6). With regard to White's claims arising from his third request, the superior court concluded that the City violated the PRA "by failing to timely provide responsive records" and that the City cured its violation by its subsequent production of the records. CP at 403. Further, the superior court concluded:

> In assessing an appropriate per day penalty, this Court is guided by the factors set forth in *Yousoufian v. Office of Ron Sims, King County Executive*, 168 Wn.2d 444, 229 P.3d 735 (2010). In reviewing these factors, the dominant factor which the Court evaluated is the agency's negligence, and Lakewood was indeed negligent in its handling of this third request. However, this is mitigated by the agency's explanation for its noncompliance. . . . The Court views the negligence as simple and not egregious.
>
> [ ] On balance, after weighing the *Yousoufian* factors, the Court concludes that $10/day is an appropriate penalty for the withholding of these records.

CP at 403-04.

---

[5] On September 4, 2013, the day before White hired counsel to this action, we filed our decision in *City of Lakewood v. Koenig*, 176 Wn. App. 397, 309 P.3d 610 (2013), *aff'd*, 182 Wn.2d 87, 343 P.3d 335 (2014). In *Koenig*, we held that the City failed to provide Koenig with a statutorily required "brief explanation" of how its claimed exemptions applied to the requested records. *Id.* at 403.

White appeals. CP at 408.

ANALYSIS

A. STANDARD OF REVIEW

The PRA "'is a strongly worded mandate for broad disclosure of public records.'" *Progressive Animal Welfare Soc'y v. Univ. of Wash.*, 125 Wn.2d 243, 251, 884 P.2d 592 (1994) (quoting *Hearst Corp. v. Hoppe*, 90 Wn.2d 123, 127, 580 P.2d 246 (1978)). We construe the PRA's disclosure provisions liberally and its exemptions narrowly. *Id.*; RCW 42.17.010(11), *recodified as* RCW 42.17A.001 (LAWS OF 2010, ch. 204, § 1102).

"The burden of proof shall be on the agency to establish that refusal to permit public inspection and copying is in accordance with a statute that exempts or prohibits disclosure in whole or in part of specific information or records." RCW 42.56.550(1). Unless the requested record falls within a specific exemption of the PRA, or other statute that exempts or prohibits disclosure of specific information or records, the agency must produce the record. *Soter v. Cowles Publ'g Co.*, 162 Wn.2d 716, 730, 174 P.3d 60 (2007); RCW 42.56.070(1).

We review agency denials of PRA requests de novo. RCW 42.56.550(3); *Sargent v. Seattle Police Dep't*, 179 Wn.2d 376, 385, 314 P.3d 1093 (2013). We also review a public agency's application of a claimed statutory exemption without regard to any exercise of discretion by that agency. *Newman v. King County*, 133 Wn.2d 565, 571, 947 P.2d 712 (1997).

A person who prevails in an action against an agency, "shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action." RCW 42.56.550(4). It is "within the discretion of the court to award such person an amount not to exceed one hundred

dollars for each day that he or she was denied the right to inspect or copy said public record."

RCW 42.56.550(4).

B.       WHITE'S FIRST AND SECOND PRA REQUESTS

White argues that the City's letters responding to White's first and second PRA requests should not have triggered the one-year statute of limitations. White also claims that the City's production of records in response to his second request is not barred by the statute of limitations because the City failed to affirmatively prove when the records were "*received* by, or at [a] very minimum transmitted to" White. Br. of Appellant at 23.

With regard to White's first request, we agree that his claims are not time-barred. With regard to White's second request, however, because the City produced records in conjunction with a claimed exemption, White's claims were raised more than a year after the City placed its responsive records in the mail. Therefore, White's claim relating to his second request is time-barred.

1.       Statute of Limitations—Categorical Exemptions

PRA actions against an agency "must be filed within one year of the agency's claim of exemption or the last production of a record on a partial or installment basis." RCW 42.56.550(6). Our Supreme Court explained what constitutes a "claim of exemption' under RCW 42.56.550(6) in *Rental Housing Ass'n of Puget Sound v. City of Des Moines*, 165 Wn.2d 525, 537, 199 P.3d 393 (2009).

In *Rental Housing*, the court reviewed a public records request made by an association of rental housing owners upon the city of Des Moines for records relating to the city's implementation of a program requiring rental property owners to pay an annual "crime-free housing endorsement

fee." 165 Wn.2d at 528. The court determined that the city's reply to the public record's request "did not (1) adequately describe individually the withheld records by stating the type of record withheld, date, number of pages, and author/recipient[;] or (2) explain which individual exemption applied to which individual record rather than generally asserting the controversy and deliberative process exemptions as to all withheld documents." *Id.* at 539-40. The *Rental Housing* court held that the city's reply "was insufficient to constitute a proper claim of exemption and thus did not trigger the one-year statute of limitations." *Id.* at 539. Instead, the *Rental Housing* court stated, "a valid claim of exemption under the PRA should include the sort of 'identifying information' a privilege log provides." *Id.* at 538 (quoting *Progressive Animal Welfare Soc'y*, 125 Wn.2d at 271, n.18).

In *Sanders v. State*, 169 Wn.2d 827, 845, 240 P.3d 120 (2010), our Supreme Court explicitly imposed the requirement that agencies identify those documents being withheld. There, the Attorney General's office responded to a PRA request with 1,000 pages of material and an index of all the documents that it had, including those that were withheld. *Id.* at 837. The index stated the claimed exemptions based on attorney-client and work-product privileges for over 100 of the withheld documents, but it did not provide any further facts as to how the exemptions applied. *Id.* The State argued that its index was sufficient to satisfy the PRA. *Id.* Our Supreme Court disagreed, calling the State's position "untenable," reasoning that "[c]laimed exemptions cannot be vetted for validity if they are unexplained." *Id.* at 846. *Sanders* also provided the three following definitions:

1.  Records are either "disclosed" or "not disclosed."  A record is disclosed if its existence is revealed to the requester in response to a PRA request, regardless of whether it is produced.

2.  Disclosed records are either "produced" (made available for inspection and copying) or "withheld" (not produced).  A document may be lawfully withheld if it is "exempt" under one of the PRA's enumerated exemptions.  A document not covered by one of the exemptions is, by contrast, "nonexempt."  Withholding a nonexempt document is "wrongful withholding" and violates the PRA.

3.  A document is never exempt from disclosure; it can be exempt only from production.  An agency withholding a document must claim a "specific exemption," i.e., which exemption covers the document.  RCW 42.56.210(3).  The claimed exemption is "invalid" if it does not in fact cover the document.

*Id.* at 836 (footnotes omitted) (citations omitted).

However, our Supreme Court has also held that agencies may assert a categorical exemption from *disclosing* any information relating to an open and ongoing police investigation. *Newman*, 133 Wn.2d at 567.  In *Newman*, a freelance journalist made a PRA request to King County in 1994 for access to the police file of an unsolved murder from 1969.  133 Wn.2d at 568. The County provided the initial incident report but withheld the remainder of the documents "based on RCW 42.17.310(d), which permits nondisclosure of public documents essential to effective law enforcement or for protecting rights of privacy." [6]  *Id.*  The County told the journalist that "this was an open case and confidentiality of the records had to be maintained."  *Id.*  After the journalist filed suit, the *Newman* court held that the County's categorical exemption was proper, and stated, "the broad language of the statutory exemption requires the nondisclosure of

---

[6] RCW 42.17.310(d) was recodified as RCW 42.56.240 (LAWS OF 2005, ch. 274 § 103), effective July 1, 2006.  RCW 42.56.240(1) is the statute at issue here.

information compiled by law enforcement and contained in an open and active police investigation file because it is essential for effective law enforcement." *Id.* at 574.

In coming to this conclusion, the court reasoned:

> The County has shown that it and the FBI have personnel assigned to the case. Evidence was presented by individuals responsible for the investigation who stated the case was still open and enforcement proceedings were contemplated. The evidence also establishes the documents requested cannot be disclosed because their release would impair the ability of law enforcement to share information and would inhibit the ability of police officers to determine, in their professional judgment, how and when information will be released.

*Id.* Thus, the *Newman* court held, that the effective law enforcement exemption created "a broad categorical exemption from disclosure all information contained in an open active police investigation file." *Id.* at 575.

We reconcile any tension between our Supreme Court's holdings in *Rental Housing* and *Sanders* and its holding in *Newman* by recognizing that an open and active police investigation is a unique public service requiring unique safeguards from premature disclosure. The *Newman* court explicitly stated as much. 133 Wn.2d at 574, 575. And the *Rental Housing* and *Sanders* courts did not contemplate exemptions under the effective law enforcement exemption. *Rental Housing*, 165 Wn.2d at 528 (contemplating the nondisclosure of records relating to rental housing fees); *Sanders*, 169 Wn.2d at 837 (contemplating the adequacy of claimed exemptions for work-product and attorney-client privileges).

We also recognize, however, that the agency asserting a categorical exemption from disclosure based on the effective law enforcement exemption statute, does so at its own risk because the exemption only covers investigations that are "open and active." *Newman*, 133 Wn.2d at 574. Thus, if the investigation is in fact not open and active, then the agency asserting that it is

an open and active investigation is potentially liable for failing to disclose or produce the requested documents and the statute of limitations under RCW 42.56.550(6) is not triggered because the agency's claimed exemption is invalid.

a.       White's First Request

In reply to White's first request, the City's response stated that the records White requested were exempt from disclosure because "the release of these records could interfere with the active investigation."  CP at 68.  Thus, the City asserted a categorical effective law enforcement exemption, as *Newman* allows.

But, as the City acknowledged at oral argument, "in this case, admittedly, it was not an ongoing investigation."  Wash. Court of Appeals oral argument, *White v. City of Lakewood*, No. 47079-9-II (Oct. 29, 2015), at 18 min., 20 sec—18 min., 30 sec. (on file with court).  Because there was not actually an active investigation when the City asserted there was one, the City's claim of exemption was invalid and insufficient to trigger the statute of limitations under RCW 42.56.550(6).  *See Rental Housing*, 165 Wn.2d at 539 (holding that insufficient claims of exemption do not trigger the one-year statute of limitations).  Thus, White's claim with respect to his first request is not time-barred.  Accordingly, the superior court erred in dismissing White's claims relating to his first request as time-barred.

b.       White's Second PRA Request

In response to White's second request, the City impliedly claimed the effective law enforcement exemption when it stated that it was releasing "the portions of the record which are not exempt from disclosure by RCW 42.56 and/or other statutes."  CP at 74.  The City's implied claim of exemption is invalid for the same reasons as the first response was invalid: the implied

claim of exemption was improperly asserted because the law enforcement investigation "was not an ongoing investigation," and was therefore not "open and active." Wash. Court of Appeals oral argument, *supra*, at 18 min., 20 sec—18 min., 30 sec.; *Newman*, 133 Wn.2d at 574.

However, the City subsequently produced some responsive documents with its response to White's second request and stated that White's request for public records would be considered closed unless White responded "to the contrary by October 5, 2012." CP at 74. The one-year time-bar under RCW 42.56.550(6) was then triggered by the City's production of the responsive documents. *Bartz v. Dep't of Corr. Pub. Disclosure Unit*, 173 Wn. App. 522, 536, 538, 297 P.3d 737, *review denied*, 177 Wn.2d 1024 (2013). Therefore, whether White's claims relating to his second request are time-barred must be considered in light of the City's last production of records.

2. The City's Last Production of Records

White argues the superior court erred in finding the one-year statute of limitations expired on September 5, 2013, with regard to his second request. White contends that by erroneously relying on this date, the superior court improperly shifted the burden to White to show when the letter was mailed, and that the statute of limitations is triggered when a response is transmitted to, or received by, the requester. We disagree.

Whether the statute of limitations bars White's claim is a legal question that we review de novo. *Nieshe v. Concrete Sch. Dist.*, 129 Wn. App. 632, 638, 127 P.3d 713 (2005), *review denied*, 156 Wn.2d 1036 (2006). Questions of statutory interpretation are also reviewed de novo. *Bostain v. Food Express, Inc.*, 159 Wn.2d 700, 708, 153 P.3d 846 (2007). The goal of statutory interpretation is to effectuate the legislature's intent. *Id*. We first look at the plain language of the statute. *State v. Bunker*, 169 Wn.2d 571, 578, 238 P.3d 487 (2010).

RCW 42.56.550(6) requires, in relevant part, that "[a]ctions under this section must be filed within one year of . . . the last production of a record." The City's response to the second request constitutes a "last production" because the City's letter was accompanied by records produced in response to the request and the letter stated that the City considered the request closed unless White responded "to the contrary by October 5, 2012." RCW 42.56.550(6); CP at 74. Therefore, the relevant inquiry is, when did the City produce the records, thereby triggering the one-year time-bar under RCW 42.56.550(6).

The terms "production" and "produce" are not defined in chapter 42.56 RCW et seq., chapter 44-14 WAC et seq., or in accompanying case law. Generally, "production" is defined as "the act or process of producing, bringing forth, or making . . . the creation of utility: the making of goods available for human wants." WEBSTER'S THIRD INTERNATIONAL DICTIONARY 1810 (2001). Webster's defines "produce" as "to bring forward: lead forth: offer to view or notice: EXHIBIT, SHOW . . . to bring forth: give birth to: BEAR, GENERATE, YIELD . . . to compose, create, or bring out by intellectual or physical effort." WEBSTER'S, *supra* at 1810. Black's Law Dictionary similarly defines "produce" as "1. [t]o bring into existence; to create. 2. [t]o provide (a document, witness, etc.) in response to subpoena or discovery request." BLACK'S LAW DICTIONARY 1401 (10th ed. 2004).

Thus, we hold that an agency satisfies the "production" requirement of RCW 42.56.550(6) when it brings all of the documents together and makes that collection of documents available to a delivery service for delivery to the requestor. This interpretation of the "production" requirement is in accord with its plain meaning, and its use in chapter 42.56 RCW and chapter 44-14 WAC.

13

Applying this definition to determine when the City "produced" the records in response to White's second request, we hold the City produced the records on September 5, 2013. The facts in the record establish that the City's response letter was dated September 5, 2013. Gorash testified she would have placed the letter and responsive records in that day's outgoing mailbox. After placing the letter and responsive records in the outgoing mailbox, the City had produced the records. Thus, we hold White's claims relating to his second request for public records are time-barred under the one-year statute of limitations based on the City's last production of records.

In conclusion, we hold the superior court erred in finding White's claims relating to his first public records request were time-barred. However, because RCW 42.56.550(6) was triggered by the City's last production of records in response to White's second request, the superior court did not err in finding White's claims relating to his second request were time-barred.

C.     PENALTY AWARD

White claims that the superior court abused its discretion by imposing a $10 per day penalty for the City's handling of his third request. In light of our holding that the City's claimed effective law enforcement exemption to White's first request was invalid, we do not reach the merits of his argument. Instead, we vacate the award and remand for the superior court to consider the proper penalty award by considering the seven mitigating and nine aggravating factors outlined in *Yousoufian*, 168 Wn.2d at 458, relating to White's first and third requests.

ATTORNEY FEES

White requests attorney fees for this appeal under RAP 18.1 and RCW 42.56.550(4). RCW 42.56.550(4) provides "all costs, including reasonable attorney fees, incurred in connection with such legal action," to a party who prevails against an agency in a PRA claim. This includes

attorney fees incurred on appeal. *Sargent*, 179 Wn.2d at 402. White prevails against the City on his claims related to the first request. However, White does not prevail against the City on his claims related to the second request, and we do not reach the merits of his challenge to the penalty award related to his third request. White is entitled to an award of attorney fees only to the extent he prevails here. To determine the appropriate amount of attorney fees awarded, the parties are to submit an affidavit and any objections to this court pursuant to RAP 18.1(d), (e), (f).

## CONCLUSION

We hold the superior court erred in finding White's claims arising from his first PRA request were time-barred. However, because the City's last production of records in response to White's second request triggered RCW 42.56.550(6), the superior court did not err in finding that White's claims arising from his second request were time-barred. Finally, we vacate the superior court's penalty award and direct the superior court to determine any penalty award relating to White's first and third request in a manner consistent with *Yousoufian*. Accordingly, we affirm in part, reverse in part, and remand to the superior court for further proceedings consistent with this opinion.

_____
Lee, J.

We concur:

_____
Worswick, P.J.

_____
Sutton, J.

15