IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| DERRICK HANEY, | ) | |
| | ) | No. 37852-7-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| WASHINGTON DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Respondent. | ) | |

FEARING, J. — Derrick Haney appeals the superior court's dismissal of his Public

Records Act (PRA), chapter 42.56 RCW, suit against the Department of Corrections

(DOC) on the basis of the statute of limitations. Because Haney filed suit within one year

of DOC's production of records, we agree with Haney that he timely filed his suit.

FACTS

Derrick Haney is a prisoner incarcerated at the Airway Heights Corrections

Center. On January 5, 2018, a DOC staff member conducted a classification review

hearing of Haney. A classification review hearing examines the security needed for an

offender. On January 9, 2018, Haney sent a letter to the DOC Public Disclosure Unit

"requesting a copy of all the records used in my January 2018 classification process."

Clerk's Papers (CP) at 127.

On February 15, 2018, DOC mailed a letter to Derrick Haney in response to his request. The letter announced:

> You requested the following:
>
>> 1. All records used in your, Derrick Haney (DOC 360040), January 2018 classification process.
>
> A total of 42 pages have been identified as responsive to your request. To obtain these records, the Department's fees have been calculated for you:
>
>> Photocopies @ $0.15 per page 42 pages $6.30
>> Postage $2.26, Total $8.56.
>
> Please make your check or money order payable to the Department of Corrections for the exact amount of the total fees and mail it to the address below. Remember to reference PRU-51021 with your payment.
> . . . Should you wish to have records mailed to a third party on your behalf please provide the correct name and mailing address with your payment. Otherwise, the responsive records will be sent to your attention.
> If no response is received from you within 30 days of the date of this letter, the file for this request will be closed.

CP at 142. DOC also created an exemption log on February 15, 2018 that listed exemptions to production for computer security and inmate personal identification numbers, social security numbers, and victim and witness information.

On March 2, 2018, Derrick Haney sent a letter to DOC requesting that all records be e-mailed to his mother, Sandy League. On March 7, 2018, DOC sent an e-mail to League, which message attached the responsive records. DOC mailed Haney on the same day to notify him that it had sent the responsive records to League. The letter added

2

that any documents withheld were noted on a denial form also sent to League. The March 7 letter concluded that "The file for PRU-51021 is now closed." CP at 148.

Because the initial lawsuit proceedings bear relevant facts, we include those proceedings in our factual recitation. On February 7, 2019, Derrick Haney signed the summons and complaint for this suit against the Washington State Department of Corrections for a violation of the PRA. Haney filed the summons and complaint in the Spokane County Superior Court on February 21, 2019.

On December 23, 2019, DOC sent a letter to Derrick Haney. DOC characterized this missive as a follow up to its last response. The letter disclosed:

> Additional records (187 pages) are being provided to you in response to your request. These records are being provided in an attempt to address your concerns regarding this request and are being provided without waiving any argument in the ongoing litigation over this request. PRU-51021 remains closed.

CP at 215. The letter prompts many unanswered questions.

PROCEDURE

The timing of various filings in the superior court holds importance in this appeal. DOC filed a motion to show cause on March 6, 2020. The motion argued that the PRA's one-year statute of limitations bars Derrick Haney's complaint. DOC also contended that Haney did not request identifiable public records, DOC provided all responsive records based on a reasonable interpretation of the request and after conducting a reasonable

3

search, and Haney as a prisoner could not recover penalties because he could not show DOC engaged in bad faith.

Derrick Haney filed his response to the motion to show cause on May 22, 2020. In response to the statute of limitations defense, Derrick Haney argued that the March 7, 2018 letter from DOC, by which DOC sent records to Sandy League, triggered the one-year statute of limitations period. DOC filed its reply on June 11, 2020. The superior court entertained oral argument on June 19. At oral argument on the motion to show cause, Derrick Haney's counsel raised a new argument that the parties and the court lacked knowledge as to when Haney posted his complaint in the prison mailbox.

The superior court issued a memorandum decision that ruled the statute of limitations barred Derrick Haney's PRA suit. The court concluded that DOC's initial response letter to Derrick Haney on February 15, 2018 constituted the final, definitive response that commenced the one-year statute of limitations period. Haney did not file his summons and complaint until February 21, 2019. The superior court also ruled that DOC could raise the statute of limitations defense by a motion to show cause.

Derrick Haney filed a motion for reconsideration that lamented the superior court's failure to apply the prisoner mailbox rule, which would cease the running of the limitation period on February 7, 2019, when Haney signed the summons and complaint. According to Haney, application of the rule would result in the lawsuit being filed within one year even if the superior court deemed February 15, 2018 to be the date when the

4

period commenced. The motion also asserted that the superior court, during oral argument, agreed to deem February 7 as the date of filing the suit. The superior court denied reconsideration because Haney had failed to raise the prisoner mailbox rule in any court filings and the transcript of the show cause hearing confirmed that the court never mentioned February 7, 2019 as the date of filing.

## LAW AND ANALYSIS

On appeal, Derrick Haney argues that the superior court erred when entertaining a motion to show cause filed by DOC, when refusing to apply the prisoner mailbox rule, and when recognizing February 15, 2018, the date of DOC's initial response, as the trigger date for the commencement of the limitation period. He also contends that the superior court should not have entertained DOC's statute of limitations defense in response to a motion to show cause. We agree with Haney's argument that DOC's later letter of March 7, 2018, not the February 15 letter, commenced the running of the statute of limitations. Therefore, we do not address application of the prisoner mailbox rule.

On appeal, DOC asks this court to rule in its favor on the merits if we disagree with the superior court's ruling on the statute of limitations. Because the superior court never addressed the merits and the superior court should address the merits before we do, we decline to grant DOC's request. We issue no ruling on the merits of the PRA suit.

Show Cause Procedure

Derrick Haney argues that the trial court erred when entertaining DOC's motion to show cause. RCW 42.56.550(1) permits a records requester to "require the responsible agency to show cause why it has refused to allow inspection or copying of a specific public record or class of records." Haney highlights that the statute contemplates only requesters, and not agencies, initiating a show cause hearing.

We addressed the same argument in *Kittitas County v. Allphin*, 2 Wn. App. 2d 782, 413 P.3d 22 (2018). Sky Allphin sought public records from Kittitas County and the Washington State Department of Ecology related to government efforts to bring Allphin's companies into compliance with waste-handling licensing regulations. Following numerous records requests and the commencement of litigation by Allphin, Ecology filed a motion to show cause thereby seeking a determination that its responses complied with the PRA. We noted that the PRA does not define an exclusive special proceeding, so parties may proceed under the normal rules of civil procedure. *Spokane Research & Defense Fund v. City of Spokane*, 155 Wn.2d 89, 105, 117 P.3d 1117 (2005). We held that Ecology's motion to show cause would be reviewed as if Ecology had followed the civil rules because Allphin was not prejudiced by the trial procedure.

Derrick Haney's situation differs from Sky Allphin's circumstances because DOC sought a judicial determination that the statute of limitations bars Haney's suit in addition

to contending that it appropriately responded to Haney's record request. Haney argues that DOC's motion was effectively a motion for summary judgment.

DOC insists that a motion to show cause is appropriate for addressing any issue that may arise in PRA litigation. Nevertheless, caselaw does address the propriety of asserting the affirmative defense of the statute of limitations defense via a motion to show cause. To repeat, the PRA's "show cause" procedure expressly only permits judicial review of whether an agency has properly responded to a public records request. RCW 42.56.550. The courts, in decisions forwarded by DOC, resolved the cases on the substantive question of whether responding agencies complied with public records requests. *West v. Gregoire*, 184 Wn. App. 164, 173-74, 336 P.3d 110 (2014); *Forbes v. City of Gold Bar*, 171 Wn. App. 857, 866, 288 P.3d 384 (2012); *Kozol v. Department of Corrections*, 192 Wn. App. 1, 7-9, 366 P.3d 933 (2015); *O'Neill v. City of Shoreline*, 145 Wn. App. 913, 936, 187 P.3d 822 (2008), *aff'd in part and rev'd in part*, 170 Wn.2d 138, 240 P.3d 1149 (2010). We decline to adopt DOC's contention.

Even if we characterized DOC's motion as one for summary judgment, we would still affirm the superior court's decision to review the motion. *Kittitas County v. Allphin* supports the principle that the court should look at the substance of the motion brought by the government agency, regardless of the label the agency places on its motion or procedure, provided the requester suffers no procedural prejudice.

7

DOC submitted its motion in writing and stating the grounds for relief, as required by CR 7(b). CR 56(c) demands that the opposing party receive twenty-eight days' notice of a summary judgment motion and that any reply from the movant be filed five days in advance of the hearing. DOC filed the motion to show cause and supporting documents on March 6, 2020. Haney responded on May 22, 2020, and DOC replied on June 11, 2020. The trial court heard oral argument on June 19, 2020. All submissions fell within the time limits set by CR 56(c). Haney suffered no prejudice.

Derrick Haney argues that DOC's styling of the motion as a show cause improperly shifted the burden to him as the nonmoving party. Prejudice results under an agency's show cause motion if the superior court shifts the burden of persuasion to the requester. *Kittitas County v. Allphin*, 2 Wn. App. 2d 782, 792 (2018). The record shows no shifting of the burden by the superior court. We do not shift the burden on appeal.

Date of Statute of Limitations Accrual

On February 15, 2018, DOC mailed a letter to Derrick Haney that announced that it had identified forty-two pages as responsive to Haney's request. The letter informed Haney that he could obtain copies of the records by mailing photocopying and postage fees or he could request the sending of the pages to a third person. The letter concluded that DOC would close Haney's request if he did not respond in thirty days. Then on March 7, 2018, DOC mailed the pages and a denial form to Haney's mother pursuant to an intervening request from Haney. The March 7 letter concluded that "The file for

8

PRU-51021 is now closed." CP at 148. We must decide whether the limitation period for Haney's suit commenced on February 15 or March 7. Haney filed suit on February 21, 2019, one year after February 15, 2018 and within one year of March 7, 2018.

We wonder if we should apply December 23, 2019, as the date of accrual, since DOC then sent a letter to Derrick Haney identifying additional pages being provided in response to Haney's request. Haney does not forward December 23, 2019 as the relevant date, and we issue no ruling on the question.

DOC raises two procedural obstacles to our addressing the merits of the statute of limitations. DOC first contends that Derrick Haney never disputed the statute of limitations triggering date before the trial court and thus we should prohibit him from advancing the argument for the first time on appeal. "The appellate court may refuse to review any claim of error which was not raised in the trial court." RAP 2.5(a). Nevertheless, Haney argued in a filing to the trial court that the March 7, 2018 letter from DOC should trigger the one-year statute of limitations period. Haney preserved the issue for review.

DOC next contends that Derrick Haney failed to assign error to the superior court's finding of fact that the February 15, 2018 letter constituted the agency's final, definitive response. Unchallenged findings of fact are verities on appeal. *State v. Rankin*, 151 Wn.2d 689, 709, 92 P.3d 202 (2004). Nevertheless, the superior court entered no findings of fact, but issued a memorandum and order. Regardless, the

9

superior court's determination that the February 15 letter operated as a final, definitive response for purposes of commencing the statute of limitations period formed more of a conclusion of law than a finding of fact. Also, this court reviews an action claiming a violation of the PRA de novo. *Belenski v. Jefferson County*, 186 Wn.2d 452, 457, 378 P.3d 176 (2016). Assuming we treated DOC's motion as one for summary judgment, we review summary judgment orders de novo. *Keck v. Collins*, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015).

RCW 42.56.550(6) controls and declares:

> Actions under this section must be filed within one year of the agency's claim of exemption or the last production of a record on a partial or installment basis.

The Washington Supreme Court rejects a narrow reading of the statute and previously held that the limitations period commences on any final, definitive response to a public records request. *Belenski v. Jefferson County*, 186 Wn.2d 452, 460-61 (2016).

An agency responds in one of three ways to a public records request: producing the records, asking for more time or clarification, or denying the request along with a proper claim of exemption. RCW 42.56.520, .210(3); *Belenski v. Jefferson County*, 186 Wn.2d at 456-57. An agency produces records when it assembles the documents and renders that collection of documents available to a delivery service for delivery to the requester, with the specific date of production determinable by the date affixed to the

agency's outgoing response letter. *White v. City of Lakewood*, 194 Wn. App. 778, 792-93, 374 P.3d 286 (2016).

DOC's February 15 letter informed Derrick Haney that he must choose a method of production for the records within thirty days. By the letter's express words, the letter did not function as a final or definitive action. The letter contemplated future action. DOC produced the records on March 7, when it e-mailed the records to Sandy League at Haney's instruction.

March 7, 2018 commenced the one-year statute of limitations period. Derrick Haney filed his complaint timely on February 21, 2019.

## CONCLUSION

We reverse the superior court's dismissal of Derrick Haney's PRA suit. We remand for further proceedings consistent with our ruling.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Fearing, J.

WE CONCUR:

Pennell, J.

Staab, J.

11